IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| JAMIE DEMARCO JONES, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Civil Action No. 2:13cv395-MEF |
| ) | (WO) |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

On April 6, 2013, the petitioner filed this *pro se* motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255.[1] Upon consideration of the § 2255 motion, the court finds that the motion should be denied without prejudice because this court lacks authority to hear the motion at this time.

As explained in *United States v. Khoury*, 901 F.2d 975, 976 (11th Cir. 1990), a district court is without authority to hear a petitioner's 28 U.S.C. § 2255 motion during the pendency of the petitioner's direct appeal.[2] In the present case, the petitioner, through

---

[1] Although the § 2255 motion is date stamped "received" in this court on June 7, 2013, the petitioner represents that he signed by the motion on April 6, 2013. A *pro se* inmate's petition is deemed filed on the date it is delivered to prison officials for mailing. *Houston v. Lack*, 487 U.S. 266, 271-72 (1988); *Adams v. United States*, 173 F.3d 1339, 1340-41 (11th Cir. 1999); *Garvey v. Vaughn*, 993 F.2d 776, 780 (11th Cir. 1993). "Absent evidence to the contrary in the form of prison logs or other records, [this court] must assume that [the petitioner's § 2255 motion] was delivered to prison authorities the day [he] signed it." *Washington v. United States*, 243 F.3d 1299, 1301 (11th Cir. 2001).

[2] In *Khoury*, the defendant filed a § 2255 motion after he filed a notice of appeal. The district court denied the motion on the ground that the court lacked jurisdiction because jurisdiction had

(continued...)

counsel, filed a notice of appeal on July 6, 2012. *See* Criminal Case No. 2:11cr113-MEF, Doc. No. 95. The petitioner's appeal has been assigned USCA Case No. 12-13624-A. *Id.*, Doc. No. 97. On the date this Recommendation is being entered, the petitioner's appeal remains pending in the Eleventh Circuit Court of Appeals.[3] During the pendency of the petitioner's direct appeal, this court lacks authority to consider his motion for relief under 28 U.S.C. § 2255, and accordingly, the motion should be denied without prejudice.

If the petitioner so chooses, he may re-file a § 2255 motion when jurisdiction is vested in the district court.

## CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that the petitioner's 28 U.S.C. § 2255 motion be DENIED without prejudice.

It is further

ORDERED that the parties shall file any objections to this Recommendation on or before July 17, 2013. A party must specifically identify the findings in the Recommendation

---

[2](...continued)
vested in the court of appeals for the pendency of the appeal. The Eleventh Circuit affirmed because "[t]he general rule is that a defendant may not seek collateral relief while his direct appeal is pending." *Jones v. United States*, 453 F.2d 351, 352 (5th Cir. 1972) (per curiam); *Welsh v. United States*, 404 F.2d 333 (5th Cir. 1968) ("A motion to vacate sentence under 28 U.S.C. § 2255 will not be entertained during the pendency of a direct appeal, inasmuch as the disposition of the appeal may render the motion moot.").

[3] The petitioner is apparently unaware that an appeal was filed on his behalf and is pending in the court of appeals, as the principal claim the petitioner presents in his § 2255 motion is that his counsel was ineffective for failing to file an appeal after he asked counsel to do so. *See* Doc. No. 1 at 4; Doc. No. 2 at 1-3.

to which objection is made; frivolous, conclusive, or general objections will not be considered. Failure to file written objections to the Magistrate Judge's proposed findings and recommendations shall bar a party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc).

DONE, this 3rd day of July, 2013.

/s/ Susan Russ Walker
SUSAN RUSS WALKER
CHIEF UNITED STATES MAGISTRATE JUDGE